**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case No. 1:25-cr-25 |
| DAVID TRAUB, | ) ) ) | |
| *Defendant.* | ) ) | |

## <u>TRAUB MOTION TO DISMISS COUNT 2 OF THE INDICTMENT</u>

COMES NOW the defendant, by and through counsel, and respectfully moves the Court to dismiss Count 2 of the indictment, charging the defendant with possession of child pornography, as violative of the defendant's Fifth Amendment rights against Double Jeopardy. In further support of this motion, counsel avers as follows.

On January 30, 2025, the defendant, David Traub, was indicted in this Court on two counts. ECF Doc. 1. The indictment charged in Count 1, in pertinent part, that "no later than on or about November 23, 2021 and continuing through on or about September 27, 2023 . . . the defendant, DAVID TRAUB, knowingly received, and attempted to receive, at least one visual depiction . . . to wit: digital images and videos depicting minors engaged in sexually explicit conduct received and attempted to be received via peer-to-peer software." Count 2 charged, in pertinent part, that "[o]n or about September 27, 2023 . . . the defendant, DAVID TRAUB, knowingly possessed and attempted to possess, at least one matter containing one of more visual depictions . . . to wit, digital videos and images, distinct from those referred to in Count 1, depicting prepubescent minors and minors who had not attained 12 years of age engaged in sexually explicit conduct." On July 1,

2025, the defendant pled guilty to Count 1 of the indictment without a plea agreement.    He admitted in open Court that he had received "[a]ll of the illegal images in the defendant's possession on the date of the execution of the search warrant." ECF Doc. 26.  The matter was continued for sentencing on Count 1, and for later adjudication of Count 2.

As noted by *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2015), "our sister circuits appear to agree that possession of child pornography is a lesser-included offense of receipt of child pornography, reasoning that the crime of possession of child pornography under 18 U.S.C. § 2252(a)(4) does not contain an element different from the elements that constitute the crime of receipt of child pornography."

In determining whether charges are the same in fact, *Schnittker* adopted the test used by the Second Circuit: "'[t]o determine whether two offenses ... are the same in fact, a court must ascertain whether a reasonable person familiar with the totality of the facts and circumstances' would construe the count to which the defendant pled guilty 'to cover the offense charged' later in the prosecution. *See United States v. Olmeda,* 461 F.3d 271, 282 (2d Cir.2006). This is an 'objective' inquiry. *Id.* And it is not limited to the indictment language only, but extends to 'the entire record' of the proceedings. *Benoit,* 713 F.3d at 17. Importantly, the inquiry must focus on what a reasonable person would understand at the time the defendant entered his plea, because that is the time at which jeopardy attaches." *Id.* at 82 (4th Cir. 2015).

In *Schnittker*, the defendant "signed a statement of facts in connection with Schnittker's guilty plea that named only the Western Digital hard drive, and the government mentioned only that hard drive when it outlined for the district court the evidence it would have used were Schnittker to have gone to trial on the possession count. All of this compels us to conclude that a reasonable person familiar with the totality of the facts and circumstances would have understood

that he was pleading guilty only in regard to the child pornography on the Western Digital hard drive."

By contrast, on the receipt count, Fourth Circuit noted that "many files on the Maxtor hard drive 'were not duplicates' of the files on the Western Digital hard drive. Consequently, because the defendant admitted to possessing over one thousand images or videos of child pornography, ***at least some of which did not ground the receipt conviction***, there is more than sufficient proof in the record that 'the possession conviction was based on an image the receipt of which did not form the basis of the receipt conviction.'" *Id.* at 83. (emphasis added) (internal citations omitted).

In this case, by contrast, the plea to the receipt count encompassed, by the defendant's express in court admissions "[a]ll of the illegal images in the defendant's possession on the date of the execution of the search warrant." There is no image in this case being prosecuted in Count 2 for which jeopardy has not already attached in connection with Count 1.  As such, these charges cannot be supported and the Court must dismiss the second count of the indictment.

Respectfully submitted,

**DAVID TRAUB**

By Counsel

_____/s/_____
Christopher Leibig, VSB# 40594
Law Office of Christopher Leibig
Counsel for Defendant
421 King Street, Suite 505
Alexandria, VA 22314
(703) 683-4310 (Office)
(202) 320-8850 (Cell)
Chris@chrisleibiglaw.com

_____/s/_____
Cary Citronberg, VSB #81363
Johnson/Citronberg P.L.L.C.
Counsel for Defendant
421 King Street, Suite 505
Alexandria, VA 22314
(703) 684-8000 (Office)
(703) 504-8933 (Cell)
cary@jc-attorney.com

## CERTIFICATE OF SERVICE

I, hereby certify, that on this 29th day of October, 2025, I filed the foregoing motion electronically through ECF, which shall provide service on all parties.

_____/s/_____
Cary Citronberg, VSB #81363