IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )    Case No. 1:25-cr-25 (RDA) |
| | ) |
| DAVID TRAUB, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Count 2 of the Indictment (Dkt. 43) (the "Motion"). This matter is fully briefed and ripe for disposition. Considering the Motion, the Government's Memorandum in Opposition (Dkts. 44, 46), Defendant's Reply (Dkt. 51), as well as oral argument heard on November 19, 2025, this Court DENIES Defendant's Motion for the reasons that follow.

## I. BACKGROUND

On January 30, 2025, Defendant David Traub was charged in a two count indictment with (1) Receipt of Material Involving the Sexual Exploitation of Minors pursuant to 18 U.S.C. § 2252(a)(2) and (b)(1) (the "receipt count"), and (2) Possession of Material Involving the Sexual Exploitation of Minors pursuant to 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (the "possession count"). Dkt. 1. Specifically, as to Count 1, the receipt count, the grand jury charged that:

> Beginning on a date unknown to the Grand Jury, but no later than on or about November 23, 2021, and continuing on or about September 27, 2023, in Falls Church, Virginia, and elsewhere within the Eastern District of Virginia, the defendant, DAVID TRAUB, knowingly received, and attempted to receive, at least one visual depiction using any means and facility of interstate and foreign commerce; and which visual depiction had been mailed, shipped, and transported in and affecting interstate and foreign commerce; and which contained material which had been so mailed, shipped, and transported, by any means including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct,

to wit: digital videos and images depicting minors engaged in sexually explicit conduct received and attempted to be received via peer-to-peer software.

*Id.* at 1-2. As to Count 2, the possession count, the grand jury charged that:

On or about September 27, 2023, in Falls Church, Virginia, and elsewhere within the Eastern District of Virginia, the defendant, DAVID TRAUB, knowingly possessed, and attempted to possess, at least one matter containing one or more visual depictions that had been shipped and transported using a means and facility of interstate and foreign commerce; and in and affecting interstate and foreign commerce; and which visual depiction was produced using materials which had been mailed and so shipped and transported, by any means, including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct, to wit: digital videos and images, **distinct from those referred to in Count 1**, depicting prepubescent minors and minors who had not attained 12 years of age engaged in sexually explicit conduct.

*Id.* at 3 (emphasis added). On July 1, 2025, Defendant pled guilty to Count 1 of the Indictment without a plea agreement. Dkt. 25; *see also* Dkt. 32 (transcript). The parties also did not agree to a statement of facts. Instead, both parties submitted statements of facts, and Defendant submitted his statement of facts over the Government's objection. Dkts. 26, 30, 32 at 18:10-12.

At the outset of the plea hearing, the Government reiterated that "[t]he receipt and the possession counts in this case are based on different images." *Id.* at 3:10-14. The Government further explained the implications of the different factual bases for double jeopardy: "As I'm sure the Court is aware, there is good case law for the fact that, when separate images are pled for receipt and possession, [proceeding on both charges] does not create a double jeopardy issue. The receipt and the possession counts in this case are based on different images." Dkt. 32 at 3:10-14. Defense counsel stated that "[Defendant and his counsel] phrased [their own statement of facts, not agreed to or relied upon by the Government] in such a way that it includes everything. And that there is no—there are no images that he received that he merely possessed, because he received

2

them all. And therefore, under the principles of double jeopardy and just equity, there's no purpose in having a conviction for Count 2." *Id.* at 6:1-6.

After hearing the parties' positions, the Court conducted a thorough plea colloquy with Defendant.[1] Dkt. 32 at 11:6-27:13. The Court began the colloquy by specifying that the "colloquy is related to receipt of child pornography[,] Count 1 of the Indictment." *Id.* at 11:6-9. Defendant affirmed under oath that he had previously received a copy of the Indictment and that he "fully underst[ood] the charges against [him]." *Id.* at 12:9-14. The Court reviewed the elements of the offense with Defendant, and he affirmed that he understood that those were the elements that the Government would have to prove for Count 1 of the Indictment. *Id.* at 12:22-13:11. When asked by the Court to describe the nature of his interactions with Defendant regarding his guilty plea, defense counsel stated that he was "very confident that [Defendant is] aware of what's happening," and Defendant stated that he agreed with his counsel's representations. *Id.* at 14:24-15:12. Defendant also agreed that he was entirely satisfied with the services of his counsel. *Id.* at 12:6-8.

When it came to the *prima facie* case, the Court was clear that the *prima facie* case was to be proffered by the Government, not by Defendant or his counsel:

> THE COURT: I'll ask the government to articulate for the record the information that it has in support of the guilty plea on Count 1 of the indictment, *prima facie* case on Count 1.
>
> MR. LEIBIG: Judge, may I address the Court briefly?
>
> THE COURT: Sure.
>
> MR. LEIBIG: As to the statement of facts, Judge, Mr. Traub has not signed the government's statement of facts, but rather the one we provided, and we'd ask that that be the one that he'd be sworn to.

---

[1] This description of the plea colloquy is not exhaustive. Given the length of the plea colloquy, the Court focuses here on the most relevant aspects for the purpose of this Motion.

THE COURT: Well, I'm going to let the government put on its *prima facie* case, and then we'll circle back to him.

MR. LEIBIG: Thank you.

MS. WITHERS: Just to be clear, Your Honor, the government is not in agreement that the defendant's statement of facts is what would be shown at trial.

THE COURT: I get it.

MS. WITHERS: I'm not sure what the Court is asking me to do. Are you asking me –

THE COURT: Just put on a *prima facie* case on Count 1.

MS. WITHERS: Okay.

THE COURT: You can have a seat.

MS. WITHERS: At trial, the United States would have proven beyond a reasonable doubt with admissible and credible evidence: . . . .

*Id.* at 17:21-18:22. In the Government's *prima facie* case, the Government referenced only two downloads of .torrent files as the basis of Count 1. Dkt. 32 at 21:15-22:1. And the Government reiterated that "[t]he statement of facts includes those necessary to convict the defendant on Count 1, the receipt count, and does not include facts related to Count 2, which the defendant is not entering a plea to." *Id.* at 22:8-11. After the Government made its *prima facie* case, the Court recognized that Defendant had admitted in his separate proffered statement of facts to additional facts beyond the Government's case, but did not (and could not) make any finding that these were the facts that the grand jury had found supported Count 1 of the Indictment:

THE COURT: . . . I have two documents before me that purport to say something similar as far as a heading [stating] statement of facts. One statement of facts was that articulated by the government in support of its case. I'm going to make that a part of the record in this matter. The second one is a document that has been signed by you and your counsel indicating that these are the statements of fact that you believe support the theory of the case that you want to allege.

4

*Id.* at 23:11-19. Defendant's proffered statement of facts included an admission that he had received "[a]ll of the illegal images in the defendant's possession on the date of the execution of the search warrant." Dkt. 26.

After conducting the colloquy, the Court found that the plea of guilty was "knowingly, voluntarily, and intelligently made with an understanding of the nature of the charges, and the consequences of said plea of guilty," and accepted the plea and found Defendant guilty of the charges contained in Count 1 of the Indictment. *Id.* at 27:7-13. After the hearing, upon a consent motion, the Court then set deadlines for briefing on Defendant's anticipated double-jeopardy motion and set trial for Count 2 in the event that Defendant's motion was unsuccessful. Dkt. 36.

On October 29, 2025, Defendant filed the instant Motion to Dismiss Count 2 of the Indictment as violative of Defendant's Fifth Amendment rights against Double Jeopardy. Dkt. 43. On November 5, 2025, the Government filed its Opposition. Dkts. 44, 46. On November 12, 2025, Defendant filed his Reply. Dkt. 51. On November 19, 2025, this Court held oral argument on the Motion.

## II. ANALYSIS

In his Motion, Defendant moves the Court to dismiss Count 2 of the Indictment, charging Defendant with possession of child pornography, as violative of Defendant's Fifth Amendment rights against Double Jeopardy. For the reasons set forth below, the Court will deny the Motion.[2]

---

[2] The Federal Rules of Criminal Procedure require a party to raise by pretrial motion a challenge to "a defect in the indictment" such as multiplicity. Fed. R. Crim. P. 12(b)(3)(B)(ii). As the Court noted at the plea hearing in this case, the deadline for filing pretrial motions in this case was May 5, 2025—nearly two months before Defendant first raised this issue. Dkt. 32 at 27:14-16; Dkt. 18. However, because Defendant's claim fails on the merits, the Court does not rely upon this ground to deny the Motion.

The Double Jeopardy clause protects criminal defendants from multiplicitous indictments. "Multiplicity is 'the charging of a single offense in several counts.'" *United States v. Lawing*, 703 F.3d 229, 236 n.7 (4th Cir. 2012). The Fourth Circuit defines a multiplicitous indictment as one in which multiple charges "are in law and in fact the same offense." *United States v. Crew*, 538 F.2d 575, 577 (4th Cir. 1976). Multiple circuits have held that possession of child pornography is a lesser-included offense of receipt of child pornography in law, and, although the Fourth Circuit has not made a precedential holding to that effect, it has assumed without deciding that these circuits are correct. *United States v. Schnittker*, 807 F.3d 77, 81-82 (4th Cir. 2015). Accordingly, the determination here turns on whether the offenses are the same "in fact."

"To determine whether two offenses . . . are the same in fact, a court must ascertain whether a reasonable person familiar with the totality of the facts and circumstances would construe the count to which the defendant pled guilty to cover the offense charged later in the prosecution." *Id.* at 82 (cleaned up). This inquiry is "objective" and "extends to 'the entire record' of the proceedings." *Id.* (quoting *United States v. Olmeda*, 461 F.3d 271, 282 (2d Cir. 2006); *United States v. Benoit*, 713 F.3d 1, 17 (10th Cir. 2013)). The question is "what a reasonable person would understand at the time the defendant entered his plea . . . ." *Id.*[3]

Here, the record is clear that Defendant was charged with receiving and possessing separate materials. As a fundamental matter, the Indictment charges that the images that are part of Count 1 are "images depicting minors engaged in sexually explicit conduct received and attempted to be received via peer-to-peer software." Dkt. 1 at 1-2. At the plea colloquy, the Government

---

[3] Although Defendant initially identifies the correct objective standard, he then appears to immediately abandon it for a subjective one. *See, e.g.*, Dkt. 51 at 2 ("We focus first on what *Mr. Traub* understood at the plea hearing in this case." (emphasis added)). The Court declines to follow that approach and will apply the correct objective standard.

referenced only two downloads of .torrent files that were the basis of Count 1. Dkt. 32 at 21:15-22:1. The Government's Opposition reiterates that there were "two downloads of .torrent files" that "were the only instances of knowing receipt that formed the basis for the conduct charged in Count 1." Dkt. 44 at 4. Count 2 of the Indictment explicitly states that the materials forming the basis for the possession count, that is all the other images located on Defendant's electronics, are "distinct from those referred to in Count 1." Dkt. 1 at 3.[4] Moreover, during Defendant's plea hearing, the Government further emphasized this distinction and explained its implications for double jeopardy: "As I'm sure the Court is aware, there is good case law for the fact that, when separate images are pled for receipt and possession, [proceeding on both charges] does not create a double jeopardy issue. The receipt and the possession counts in this case are based on different images." Dkt. 32 at 3:10-14; *see Schnittker*, 807 F.3d at 83 (finding no double jeopardy issue "because the defendant admitted to possessing over one thousand images or videos of child pornography, at least some of which did not ground the receipt conviction"); *United States v. Fall*, 955 F.3d 363, 373-74 (4th Cir. 2020) (holding that the defendant's conviction for possession of child pornography was not multiplicitous of his convictions for receipt of child pornography where the "convictions involve[d] different conduct on different dates" and "any overlap" between the counts was "too small to warrant a finding that the offense conduct charged" in the possession count "was in fact the same as that charged in the receipt counts").[5] As this case law reflects, the

---

[4] To the extent that Defendant argues that the Indictment is somehow deficient or unclear because there is no language stating the inverse in Count 1, the Court is unpersuaded as it must consider the record as a whole, *see Schnittker*, 807 F.3d at 82, and the Indictment taken as a whole is clear that the materials forming the bases for the two counts are distinct.

[5] *See also, e.g., United Slates v. Dudeck*, 657 F.3d 424, 431 (6th Cir. 2011) ("If [defendant] was charged with receipt of any images for which he was not also charged with possession—and vice versa—the two can be punished as separate offenses."); *United States v. Bobb*, 577 F.3d 1355, 1375 (11th Cir. 2009); *United States v. Polouizzi*, 564 F.3d 142, 159 (2d Cir. 2009) (concluding

Government could, if it so chose, charge every image as a separate count, and it would not violate principles of double jeopardy. Thus, the two counts are factually distinct and premised on different images. As such, well-established case authority dictates that Defendant's multiplicity argument fails.

Seeking to avoid this conclusion, Defendant contends that his own counsel's statement about "double jeopardy" and "equity" at the plea hearing and Defendant's proffer of a separate statement of facts—neither agreed to nor relied upon by the Government—in which he admitted to receiving all of the possessed images essentially muddies the waters enough such that double jeopardy must attach. *See* Dkt. 51 at 5 ("[Defense counsel] remarked that '[Defendant and his counsel] phrased [their own statement of facts, not agreed to or relied upon by the Government] in such a way that it includes everything. And that there is no—there are no images that he received that he merely possessed, because he received them all. And therefore, under the principles of double jeopardy and just equity, there's no purpose in having a conviction for Count 2.'"). Not so. A reasonable person would understand that a defendant cannot unilaterally change the conduct covered by a charging document, particularly one that specifically makes clear that the materials at issue for each count do not overlap. Additionally, the Court conducted a thorough plea colloquy with Defendant. During that colloquy, the Court noted the Government's objections to the Defendant's "statement of facts" and to Defendant's double jeopardy allusion, and the Government explained why double jeopardy does not apply in this case. The Court also recognized that the *prima facie* case put on by the Government applied only to Count 1 and repeatedly emphasized that the plea was to Count 1 of the Indictment, not to a different charging instrument. As the

---

no double jeopardy violation where defendant "was charged with possessing certain images of child pornography the receipt of which do not form the basis for a separate receipt count").

Supreme Court has long recognized, an indictment cannot be rewritten. *See Ex Parte Bain*, 121 U.S. 1, 13 (1887) (holding "after the indictment was changed it was no longer the indictment of the grand jury who presented it"). Defense counsel at the hearing on the Motion even admitted that Defendant could not have made any multiplicity argument before the plea hearing—asserting that the Indictment "became multiplicitous when Mr. Traub took his plea." But Defendant pled guilty to Count 1 of the Indictment and not some other charging instrument to which he and the Government had agreed—he is thus left with the clear language regarding the specific charges contained within the Indictment.

By entering a factual stipulation, "a defendant waives the requirement that the government produce evidence (other than the stipulation itself) to establish the facts stipulated to beyond a reasonable doubt." *United States v. Muse*, 83 F.3d 672, 678 (4th Cir. 1996). Admissions of additional relevant conduct do not transform the offense charged. *See United States v. Tello*, 687 F.3d 785, 796-97 (7th Cir. 2012) ("We acknowledge that Paragraph 5 of the plea agreement set forth more than Tello's simple admission to the allegations set forth in Count Two of the indictment. . . . But this does not signal that Tello was pleading guilty to a different or expanded offense."); *United States v. Simmons*, 11 F.4th 239, 268 (4th Cir. 2021) ("[O]nly the grand jury may broaden or alter the charges in the indictment." (quoting *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999))). Indeed, in *Ohio v. Johnson*, the Supreme Court rejected a similar argument: "Respondent's argument is apparently based on the assumption that trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater *or lesser* included offenses of the

9

charge just concluded. We have never held that, and decline to hold it now." 467 U.S. 493, 501 (1984) (emphasis added). Accordingly, this argument too is not well taken.

Therefore, the Motion to Dismiss Count 2 will be denied, and the matter will proceed to a bench trial on Count 2 as previously scheduled.[6]

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss Count 2 of the Indictment (Dkt. 43) is DENIED; and it is

FURTHER ORDERED that this case SHALL PROCEED to a bench trial on Count Two to begin at 9:00 a.m. on Tuesday, December 2, 2025.

The Clerk is directed to send a copy of this Order to all counsel of record.

It is SO ORDERED.

Alexandria, Virginia
November **21**, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[6] Though not raised by the parties in their briefing, the Court also notes that its consideration of the conduct underlying Count 2 in sentencing for Count 1 does not preclude the Government from continuing its prosecution of Count 2. *See Witte v. United States*, 515 U.S. 389, 401-03 (1995) (holding that the Double Jeopardy Clause did not bar a prosecution for conduct that had provided the basis for an enhancement of the defendant's sentence in a prior case); *United States v. McClain*, 707 F. App'x 129, 130 (4th Cir. 2017) ("McClain's first argument—that consideration of the conduct in Count 6 during sentencing for the 2014 Conviction and a subsequent conviction in 2016 based on that same conduct constitutes a double jeopardy violation—is squarely foreclosed by Supreme Court precedent.").